Scire facias sur foreign attachment. Plea nulla bona with leave to give the special matters in evidence.
The defendants rested their defence on two points. — ist. That the goods attached having been laden on board the ship Alexander, whereof George Roach one of the defendants was master, previous to the attachment, were tacitlj' obliged for the freight, and, as it were, bailed for that purpose. Beawes’ Rex Mercat. 112. Moll. lib. 2, c. 4, § 9. Ib. lib. 2, c. 3 § 19. 2 Equ. Cas. Abr. 98, pi. 1: 3 Bac. Abr. 598. 2 Bac. Abr. 352.
2d. That one Robert Elliot in Ireland had a prior legal title to the plaintiff in the attachment; a bill of lading having been signed by the captain on the receipt of the goods on board, and the shipment having been made by James Elliot in consequence of a precedent debt, due from James to Robert Elliot. They cited to this point 1 Term Rep. 209. 1 Stra. 165. 4 Burr. 2238.
It was also insisted, that the captain should have been indemnified, previous to the attachment executed.
To prove the signing of the bill of lading previous to the. attachment, a copy of the bill of lading, not subscribed by *177 capt. * Roach, but kept by him for his own government r*-, dated 29th October 1787, with his affidavit annexed taken on the 1st December 1787, that he had signed two bills of lading of the same tenor and date, prior to the laying of the attachment by the plaintiff, were offered in evidence by the defendant’s counsel, and objected to by the plaintiff.
The court on argument, overruled the evidence; it being the mere oath of the captain, who was one of the defendants, and therefore a copy not duly proved, and the defendants after so great a length of time having had it in their power to procure by a commission one of the original bills, or a copy thereof taken by some indifferent person.
The plaintiff contended, that it would be extremely unreasonable to demand the full freight of goods on their being merely put on board, upon the service of an attachment. Freight was not due until the ship had broke ground. Beawes, no. Mol. lib. 2, c. 4, § 4. Besides whatever might be the jury’s idea of the freight, they might deduct it from the value of the property attached, and it would go in mitigation of the sum.
There was no occasion for an indemnity to captain Roach, because the sheriff’s general bond of office was an inadequate security to him; and if the sheriff had levied on or attached goods belonging to another, a complete remedy might be had against him.
Here was no satisfactory evidence of the captain’s having signed a bill of lading, or of the existence of a precedent debt from James to Robert Elliot. Goods in the hands of a factor are not affected by his bankruptcy. 2 Espinasse 327. Goods in transitu may be stopped by the consignor. 1 Atky. 245. So may he stop them by a friend before they come to the hands of the consignee in a foreign port. 2 Term Rep. 63, 674. 3 Term Rep. 119, 783.
The plaintiff also insisted, that if the defendants meant to take advantage of the non-payment or tender of the freight, they should have pleaded it, and likened it to the case of a horse attached, where an innkeeper may plead his detainer for horse feed. Raw Corpora. 245.
To this last objection the defendant’s counsel replied, that under the leave to give special matters in evidence, they had given written notice, pursuant to the rules of the court, that they meant to insist on the non-payment or tender of the freight * of the goods attached as one of the grounds of r*-, their defence, which was equivalent to pleading of the L sarne.
The proof of the captain’s having signed a bill of lading of the goods shipped on account of Robert Elliot, and especially of the existence of a preceding debt from James to Robert Elliot, turned out on the evidence to be extremely defective. *179 It also appeared that the freight of the goods had been paid in Ireland, and captain Roach and the owners had been indemnified by Robert Elliot against the present suit.
Cited in 57 Pa., 139.
Messrs. Sergeant and Todd, pro quer.
Mr. Moylan, pro defi.
The court on the point of pleading declared their opinion, that, as written notice had been given of the defendants’ intention to avail themselves of the non-payment of the freight on service of the attachment, which fully prevented all surprise, and the same had not been excepted to, this matter could not now be iusisted on; but they did not declare their sentiments, whether in strictness this cause of detainer should have been specially pleaded.
The freight had been paid, and the captain and owners of the ship had been actually indemnified in Ireland against the event of the present action: in fact, the real contest now was between the plaintiff and Robert Elliot, who claimed the property attached.
The leading facts to ascertain whose property the goods were, were comprised under three heads — ist, Were the bills of lading signed by captain Roach prior to the attachment ? 2d, Were the goods shipped by James Elliott on account of Robert Elliot ? and 3d, Was there a bona fide preceding debt due?
On the solution of these three questions the merits of the present cause rested. If the jury were clearly satisfied from the evidence and the whole circumstances of the case, in the affirmative of those questions, then the property of the goods was vested in Robert, and in that case the attachment would not lie; for goods may be stopped by the shipper in transitu only where they have not been paid for or the party is insolvent, but not where they have been shipped to pay a precedent debt. If the jury were not so satisfied, then the verdict should pass for the plaintiff.
Verdict for the plaintiff, that the defendants have goods in their hands, which the jurors appraise at 661. 3s.