Wilde J.
This is an action of trespass, vi etamts, against the sheriff, for a quantity of wine and of vinegar, taken by one of his deputies on a writ of attachment against one William Plympton ; so that the general question is, whether the wine and vinegar, at the time of the taking, were the goods and chattels of the plaintiff, or of Plympton."
A previous question, however, has been argued, which, although unimportant in the decision of this cause, seems to be deserving of some consideration, as it relates to the rules of practice. It was objected at the trial that the writ against Plympton was never returned into the clerk’s office, and the evidence as to this fact was submitted to the consideration of the jury ; which the plaintiff’s counsel contend was ii regular.
This objection would be well founded, if it were the duty of the clerk, according to our practice, to make record oi writs returned and not entered. But this not being required, and never having been the practice, the question as to the return could not have been decided by the record. Witnesses therefore were properly admitted, from the necessity of the case, to testify as to the fact, and the jury was the proper tribunal to decide upon the testimony of the witnesses. *224 Where any fact relating to a process is drawn in question, which according to the forms of proceedings cannot appear on inspection of the record, it is to be determined by the jury.[1] Thus, in actions against bail, if the defendants deny that they became bail, the pleadings in this State must conclude to the jury ; because the bail bond is not required to be returned by the sheriff or recorded. So in England, if the question is, whether an original writ were sued out, it must be tried by a jury ; because the writ is not recorded until a return be made thereto. Peter v. Stafford, Hob. 244. Or if the question be, whether a defendant appeared at a day certain, it is to be tried in the same manner, it not being requisite that the day of appearance should be entered upon the record. Hoe v. Marshall, Cro. Eliz. 131.
This point, however, as before remarked, is not material in this case ; for if the plaintiff had no property in the goods taken, he cannot maintain his action, however irregular the proceedings of the sheriff might have been. And on the other hand, if the property was in the plaintiff, the defendant could not justify the taking on a writ againstPlympton.
The plaintiff’s title is derived fromPlympton, by virtue of a bill of sale, in which he assigns and transfers to the plaintiff all his right and property in the goods in question, for the purpose of securing a debt due from him to the plaintiff for money advanced. It appears by the indenture of sale, that it contains no condition upon the performance of which the property was torevest in Plympton ; but it was agreed therein, that the goods should be sold by the assignee, and the surplus of the proceeds of sale, after deducting the plaintiff’s demand, should be paid over to Plympton. The question first to be considered is, whether this was an absolute sale, or an assignment by way of mortgage.[2] 3If it was of the latter description the property would revest m the *225 mortgager, on payment of the debt, without redelivery of the goods, or any resale, or the cancelling of the mortgage. I take this to be the rule of law, as well as of equity, in relation to a mortgage of goods and chattels. In respect to mortgages of real estate, after condition broken, the rule of law is different. In such case the legal estate will not revest in the mortgager, without the aid of a court of equity. But in this case, if the assignment can be treated as a mortgage, the property would have revested in the mortgager, even if it' were a mortgage of real estate. No time was limited for the payment of the debt, and in such case the debt is to be paid in a reasonable time. Now if the condition of a mortgage is strictly performed, the performance ipso factodischarges the mortgage, and the property immediately revests in the mortgager.[1]
Whether the assignment in this case can in a court of law be treated as a mortgage, is a question of some doubt. I have, however, no doubt it would be so considered in a court of equity.[2]Whenever it appears by the terms of the deed, that a conveyance seemingly absolute, was nevertheless intended as a security for a debt, it is always considered in a court of equity as a mortgage ; and I can perceive no good reason why it should not be viewed in the same light in a court of law. Patch onMortg. 9 ; Powell on Mortg. 14, 15.
But it is unnecessary at present to settle this point; because we are all of opinion, that the facts proved at the trial are sufficient to maintain the verdict on the ground of a resale of the goods, admitting the first sale to have been absolute. It appears that before the attachment, Plympton, being desirous to procure a relinquishment of the property *226 assigned, paid to the plaintiff 8000 dollars and gave satisfactory security for the residue of the debt ; and that thereupon the plaintiff agreed to give up the property, and all the goods, except the wine and vinegar, were actually delivered to Plympton. This we consider as a good and valid resale of the property. Neither a bill of sale, nor a delivery, was necessary to complete the transfer and revest the property.
But the plaintiff’s counsel contend that he bad a lien on the property, his debt not being fully paid, and his security having partly failed. This will depend on the question, whether before the attachment there had been an actual or constructive delivery.
By the principles of the common law a vendor of goods has a lien upon them, so long as they remain in his possession and the vendee neglects to pay the price according to the conditions of sale.[1] And if payment is, by agreement, postponed to a future day, and the vendee becomes insolvent, while the goods are yet in the hands of the vendor, or of a carrier or middle man employed to convey them to the vendee, the vendor may retain them or stop them in transitu until the price is paid.[2] ***&Brown on Sales, 13, 14 ; Litt v. Cowley, 7 Taunt. 169.
The same principle applies in a case where security has been given and the security fails in the intermediate time between the sale and the delivery. But the right of lien *227 depends on the possession ; and to maintain it a vendor must have the actual or constructive possession of the goods After they come into possession of the buyer, according the terms of the contract, the lien is extinguished ; and the goods cannot be reclaimed on the buyer’s becoming insolvent. It has been doubted whether a constructive delivery is sufficient to take away the vendor’s right of lien ; and perhaps it would be going too far to say that in every possible case a constructive delivery would have this operation. But generally it is immaterial whether the delivery is actual or constructive. In many cases, wherein it has been held that :he vendor’s right of lien or of stopping in transitu had been defeated, the delivery was constructive only.[3] Brown on Sales, 450 ; Mills v. Ball, 2 Bos. & Pul. 461 ; Oppenheim v. Russell, 3 Bos. & Pul. 47 ; Stoveld v. Hughes, 14 East, 308 ; Lucas v. Dorrien, 7 Taunt. 278; Keyser v. Suse, 1 Gow, 58 ; Spear v. Travers, 4 Campb. 251 ; Slubey v. Heyward, 2 H. Bl. 504 ; Hammond v. Anderson, 1 New Rep. 69.
The only remaining question to be considered is, whether the facts proved show an actual or constructive possession in the plaintiff at the time of the attachment.
It appears, in the first place, that there had been an actual delivery of a part of the goods, and this on an entire contract. It is not, however, universally true, that the actual delivery of a part of the goods sold on an entire contract is equivalent to an actual delivery of the whole. The proposition must be laid down with some qualifications, depending on the terms of the contract and the intention..of the contracting parties. As for instance, if goods are sold by weight or measure, and a part is weighed or measured and delivered, and a part not, the property in the goods not weighed or measured still remains in the vendor ; Hanson v. Meyer, 6 East, 614 ; or if any thing remains to be done by the vendor before delivery, as to the part not delivered j* [1] *or if a part is *228 retained by the vendor until the price shall be paid ; or if the goods are to be paid for on delivery, and a part only is paid for and delivered. In all these cases the property in the part not delivered will not vest in the vendee. Rugg v Minett, 11 East, 210 ; Long on Sales, 152 ; Owenson v. Morse, 7 T. R. 64.[2]
With these exceptions, and some few others perhaps, the general rule is, that the delivery of a part of goods sold on an entire contract is a virtual delivery of the whole, and vests in the vendee the entire property. The vendor’s right of lien for the price is governed by the same rule. The distinction made by the court, in the case of Slubey v. Heyward, is worthy of notice, as applicable to the case under consideration. That case turned on the legal effect of the partial delivery of a cargo of wheat ; and the court held that the vendor had no right to countermand the order of delivery, after the delivery was commenced, and that the delivery of part must be taken to be a delivery of the whole ; because, it is said, there appeared to be no intention, either previous to or at the time of the delivery, to separate part of the cargo from the rest. This case and the case of Hammond v. Anderson, 1 New Rep. 69, I consider directly in point.[3] For in the present case it is not pretended that there was any agreement or understanding between the parties, that any part of the goods should not be delivered. On the contrary, Plympton testifies that the reason why he did not take possession of the loft at the time when the other goods were delivered, was because he had then other business to attend to. Besides, if it were necessary for Plympton, in order to terminate the plaintiff’s lien, to take possession of the loft, that also was done before the' attachment. The attachment *229 was made on Monday, and the Saturday previous it was agreed that Plympton should have possession on that day. The plaintiff promised to bring or send the key to him, and on his failing to do it Plympton entered and took possession of the loft and deposited in it an additional quantity of wine. He was thus in the actual possession of the loft and of the wine. No demand of the key was necessary; it was the plaintiff’s duty to send it, and he must not be permitted to take advantage of his own wrong. I admit that an unau thorized act of possession would not avail; but Plympton had a right to enter, by the consent of the plaintiff,' and whether it was by means of the key or otherwise, is immaterial.
Upon the whole, it is impossible to say that the plaintiff had either the actual or constructive possession of the goods attached; consequently his right of lien fails, and the defendant is entitled to judgment.1

Judgment according to verdict.

 S. P. Hinman v. Brees, 13 Johns. R. 529; Brier v. Woodbury, 1 Pick. 367; Sayer, 208. 301; Martin v. Thornton, 4 Esp. R. 180; ante 22, n. (3) ; 3 Stark. Ev. 1335.

 See Gordon v. Mass. F. & M. Ins. Co., 2 Pick. 249; Peters v. Ballistier, 3 Pick. 495.

 2 Preston on Conveyancing, 200, 201;Legro v. Lord, 1 Fairfield, 161; Peabody v. Patten, post, 519; Ratcliff v. Davis,Yelv. 179, note (1).

 Conway v. Alexander, 7 Cranch, 218 ; Bolton v. Avery, 2 Root, 279 ; Wheeland v. Swarth, 1 Yeates, 179 ; Wilson v. Carver, 2 Hayw. 93; Roberts v. Cook, 1 Rand. 128 ; Robertson v. Campbell, 2 Call, 354 ; Thompson v. Davenport, 1 Wash. 125. It does not depend on the form of conveyance, whether an instrument is to be considered a mortgage or not. Hattier v. Etinaud, 2 Desaus. 570 ; Conway v. Alexander, ubi supra; Robertson v. Campbell, ubi supra

 Barrett v. Pritchard, 2 Pick. 515; Young v. Austin, 6 Pick. 280.

 Where goods are sold to be sent to a particular destination named by the vendee, the right of stoppage in transita continues in the vendor until they arrive at that place of destination. Coates v. Railton, 6 Barn. & Cressw. 422 ; Rowe v. Pickford, 8 Taunt. 83. Unless the vendee, by his own act, intercepts the delivery which would otherwise, in the ordinary course, be made at that place, and does any act equivalent to taking possession ; for in such case the transit would be terminated before the goods came to the place of destination. Foster v. Frampton, 6 Barn. & Cressw. 107; Mills v. Ball, 2 Bos. & Pull. 461; Chambre J. in Oppenheim v. Russell, 3 Bos. & Pull. 42; Rowley v. Bigelow, 12 Pick. 307; Allen v. Gripper, 2 Tyrwhitt’s Ex. R. 217; S. C. 2 Crompt. & Jerv. 218. See, however, Holst v. Pownal, 1 Esp. R. 242 ; Ashhurst J. in Lickbarrow v. Mason, 2 T. R. 63; Lawrence J. in Bohtlingk v. Inglis, 3 East, 398. Even after the goods have arrived at their place of destination, the right of stoppage continues until they have been taken possession of on be half of the consignee Naylor v. Dennie, 8 Pick. 198.

 For the mode of reconciling the apparently conflicting cases on this subject, see 2 Kent’s Com. (2d ed.) 545.

 Dixon v. Yates, 5 Barn. & Adol. 313 ; Simmonds v. Swift, 5 Barn. & Cressw. 857 Young v. Austin, 6 Pick. 280; Merrill v. Hunnewell, 13 Pick *228 213. But see Damon v. Osborn, 1 Pick. 476 ; Macomber v. Parker, 13 Pick. 175; Towne v. Bradstreet, argued in Essex, Nov. term, 1834.

 A printer employed to print certain numbers of an entire work, has a lien on the copies not delivered, not onjy for the amount due on them, but also for the balance due on those which have been delivered. Blake v. Nicholson, 3 Maule & Sel. 168.

 See also Sands v. Taylor, 5 Johns. R. 395; Smith v. Surnam, 9 Barn. & Cressw. 561; Howe v. Palmer, 3 Barn. & Ald. 321; Hanson v. Armitage, 5 Barn. & Ald. 559; Carter v. Toussaint, 5 Barn. & Ald. 855

See Tarling v. Baxter, 6 Barn. & Cressw. 360.